IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JANE WISD-FB §<br>   Plaintiff, §<br> §<br>vs. §<br> §<br>WOODSBORO INDEPENDENT §<br>   SCHOOL DISTRICT §<br>   Defendant. § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff **JANE WISD-FB DOE** to file this "Plaintiff's Original Complaint" against the Defendant as follows:

### PREAMBLE

*Plaintiff Jane was a high school student attending Defendant Woodsboro ISD with a stellar educational record and college prospects galore. Most unfortunately, Defendant took intentional acts to bully and target Jane because of Jane's ethnicity, which then led to Defendant literally sitting back and watch while another student physically assaulted Jane. After pursing the non-judicial remedies available (only to be rejected by Defendant), Plaintiff now seeks damages for the harm cause by Defendant.*

### A. NATURE OF THE SUIT

1.  Plaintiff Jane (defined hereafter) is a female who was a star student academically and behaviorally, attending Defendant Woodsboro-ISD (defined hereafter) with a direct path to numerous colleges and a life without

any foreseeable pain or anxiety resulting from bullying and physical assault. Jane's future; however, was forever changed by the bullying and targeting of Jane, and discrimination and retaliation against Jane, by administrators and educators employed by Defendant Woodsboro-ISD, which then caused Jane to be physically assaulted by another student, while Jane's principal literally sat and watched. As a result of such intentional bullying, targeting, retaliation, discrimination, and assault, Jane's future career and employment opportunities were forever limited while Jane continues to struggle with what can only be described as PTSD, and other physical ailments, stemming from the discrimination, bullying, targeting and ensuing physical assault.

2. Plaintiff Jane now files this original action for damages pursuant to:

    a)      42 U.S.C. § 1983 as to:

        (i)      Defendant Woodsboro-ISD's violations of the laws of the United States; and

        (ii)      Defendant Woodsboro-ISD's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

   (iii)  Defendant Woodsboro-ISD's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

 b) Title VI, 42 U.S.C. § 2000d et seq. with regards to the bullying, targeting. and retaliation directed as Plaintiff Jane due to Jane's Anglo ethnicity; and

 c) Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.

## B. PARTIES

3. Plaintiff **JANE WISD-FB DOE** ("Jane") is an individual residing in the State of Texas. Because of the privacy issues involved in this matter, Jane is hereby exercising Jane's rights to proceed with this matter anonymously.

4. The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant Woodsboro-ISD, for the facts are well known to the Defendant Woodsboro-ISD. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to a defendant, the protection of Jane's privacy prevails.

5. At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jane, Jane's identity shall be disclosed.

6. Defendant **WOODSBORO INDEPENDENT SCHOOL DISTRICT** ("Woodsboro-ISD") is a public school district operating in the State of Texas as a political subdivision of the state of Texas. Defendant Woodsboro-ISD may be served with process herein by personal delivery to Defendant Woodsboro-ISD's Superintendent of Schools as follows:

> **Woodsboro Independent School District**
> **Janice Sykora, Superintendent**
> **408 S. Kesten Street**
> **Woodsboro, Texas 78393**

## C.   JURISDICTION

7.   This Court has original jurisdiction over this matter pursuant as involving a *federal question* proceeding arising under:

   a)   42 U.S.C. § 1983 ("Section 1983");

   b)   Title VI, 42 U.S.C. § 2000d et seq. ("Title VI"); and

   c)   Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq. ("Title IX").

Further, this Court may exercise supplemental jurisdiction over Plaintiff Jane's negligence claims arising under Texas law pursuant to 28 U.S.C. § 1367.

## D.   VENUE

8.   Venue for this action is proper in the Southern District of Texas, Victoria Division, in that all or a substantial portion of the acts or

omissions complained of herein occurred in Woodsboro, Refugio County, Texas, which is within the Victoria Division.

### E.   FACTUAL ALLEGATIONS

### *Who is Plaintiff Jane?*

9.   Plaintiff Jane is presently an adult, but was at all times relevant to the claims and causes of action asserted herein was a student enrolled with Defendant Woodsboro-ISD.

10.   Everyone within Defendant Woodsboro-ISD would agree that Plaintiff Jane was a student of high academic ability and achievement with unlimited college, career, and employment choices available to Jane.

11.   As Plaintiff Jane looked forward to graduation from Defendant Woodsboro, Jane was on a clear path to be the valedictorian of Jane's class, which would open up doors of opportunity Jane had always dreamed of.

12.   Most unfortunately, Defendant Woodsboro-ISD had other plans for Plaintiff Jane.

### *Discrimination, Bullying, Targeting, and Retaliation.*

13.   As an Anglo young woman, Plaintiff Jane was subjected to the harsh and evil reality that the valedictorian position for Jane's class would be manipulated is such ways to ensure that a non-Anglo would be so named.

14. To achieve the desired result that a non-Anglo would be so named, Defendant Woodsboro-ISD embarked on a path of grade and course value manipulation, directed solely at Plaintiff Jane. With full knowledge and intent, Defendant Woodsboro-ISD made sure that Jane would be denied the valedictorian spot, in favor of a non-Anglo member of Jane's class.

15. To fight such discrimination, Plaintiff Jane spoke out at every possible turn in an attempt to stop the injustice being thrown Jane's way. Such efforts even included the filing of formal grievances that were administratively pursued all the way to the Board of Trustees of Defendant Woodsboro. However, on August 27, 2018, said Board adopted and ratified the discrimination against Jane.

16. With Plaintiff Jane exercising her First Amendment and Fourteenth Amendment rights granted to Jane by the United States Constitution, Defendant Woodsboro began far more sinister efforts to silence Jane and harm Jane for having the audacity of publically challenging Defendant Woodsboro-ISD.

17. What ensured was the deliberate bullying and targeting of, and retaliation and discrimination against, Plaintiff Jane.

18. To further distance Plaintiff Jane from the valedictorian position that Jane rightly deserved, *hocus-pocus*, Janice Sykora,

Superintendent of Defendant Woodsboro-ISD, waved her magic administerial wand and determined that Jane's class rank was third, not second.

19. To set the manipulated grades and ranking in stone and to further humiliate Plaintiff Jane, Janice Sykora issued a class wide written announcement, directed to parents and students alike, illegally violating Plaintiff Jane's rights under the Family Educational Rights and Privacy Act, that listed Plaintiff as third in class ranking, along with Jane's grade point average.

20. The obvious and well known bullying and targeting of, and discrimination and retaliation against, Plaintiff Jane was so well known within Jane's class, that Jane then became a target of bullying by other students.

### *Jane is physically assaulted.*

21. As tensions around Plaintiff Jane increased because of the actions of the administration, Plaintiff Jane was walking down the hall one day, bothering no one, when principal Linda Garza called Jane into a side, private room, to be confronted by Student B, being the student that magically moved ahead of Jane as salutatorian of the class.

22. Plaintiff Jane had previously never had any interactions with Student B, but Student B was now sitting in front of Jane, under the watchful eyes and ears of Principal Garza, in a private, set off room. While verbally confronting Jane, Student B began assaulting Jane with physical blows to Jane's head, all the while with Principal Garza watching.

23. Although Garza finally intervened and stopped the assault (apparently believing that Jane had learned whatever lesson Garza wanted Jane to learn), Student B and Garza were successful in Jane suffering severe trauma to Jane's head, including a concussion.

24. Requiring medical care, Plaintiff Jane still suffers from physical and emotional manifestations of the assault arranged by Garza.

25. Having to endure the foregoing discrimination, bullying, targeting, and discrimination and retaliation, Plaintiff Jane was denied the full educational opportunities otherwise available to Jane while enrolled with Defendant Woodsboro-ISD.

26. With Plaintiff Jane's class ranking deliberately lowered and as a result of the assault, Plaintiff Jane did not gain admittance to the higher caliber universities Jane had planned and earned the right to attend.

27. Notwithstanding that Jane continues to do the best Jane possibly can, notwithstanding the migraines, nightmares, and anxiety Jane is

experiencing as a result of the actions of Defendant Woodsboro-ISD, including the physical assault, Jane's future educational and professional career were forever altered.

### *Defendant Woodsboro-ISD's Deliberate Indifference towards Jane.*

28. Defendant Woodsboro-ISD's foregoing actions towards Plaintiff Jane affirm Defendant Woodsboro's conscious disregard of the known and substantial and excessive risk to Jane's health and safety, at a level that is shockingly unconscionable.

### *Defendant Woodsboro-ISD's Action Under the Color of State Law.*

29. Defendant Woodsboro-ISD's administrators participating and causing the injury to Plaintiff Jane, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant Woodsboro-ISD when harming Jane.

30. Further, if such policies are not, in fact written, each of the administrators participating and causing the injury as to Plaintiff Jane were implementing the policies and customs of Defendant Woodsboro-ISD in accord with the customs and practices of Defendant Woodsboro-ISD.

31. Further, as stated, the Board of Defendant Woodsboro-ISD affirmed, adopted, and ratified the ethnic discrimination against Plaintiff Jane on August 27, 2018.

*Administrative Remedies.*

32. Although there are no administrative remedies required prior to seeking relief under the laws being invoked herein by Plaintiff Jane, Jane did, in fact, pursue and complete all appropriate administrative remedies.

33. If any other administrative remedy was available and not pursed by Plaintiff Jane, the actions of Defendant Woodsboro-ISD have shown that such efforts would have been futile.

34. Further, Defendant Woodsboro-ISD does receive funding from the United States of America.

35. As a result of the foregoing described actions committed by Defendant Woodsboro-ISD against Plaintiff Jane, Jane was forced to engage an attorney and pursue this action to redress such wrongs.

36. All conditions precedent to the filing of this lawsuit have occurred.

### F.    PLAINTIFF'S CAUSES OF ACTION

37. Plaintiff incorporates by reference the facts set forth in Article E: FACTUAL ALLEGATIONS hereof.

## **COUNT ONE- 42 U.S.C. § 1983**

38. Section 1983 of Title 42 of the United States Code provides, in part:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

39. The facts set forth herein demonstrate that Plaintiff Jane has been deprived of Jane's (a) right to bodily integrity guaranteed by the 14th Amendment to the U.S. Constitution, (b) substantive and procedural due process rights to redress Jane's injuries as such rights are guaranteed by the 14th Amendment to the U.S. Constitution, (c) equal protection rights guaranteed by the 14th Amendment to the U.S. Constitution, (d) rights to be treated equally regardless of Jane's ethnicity as guaranteed by Title XI, (e) rights to attend school free of harassment and bullying guaranteed by Title XI, and (f) and to exercise her First Amendment rights to publically seek redress for wrongs, free of fee of retaliation, such foregoing deprivations being actionable under 42 U.S.C. § 1983.

40. Pleading further, Defendant Woodsboro-ISD and the Board, having been notified of the specific facts and circumstances plead herein

during the Plaintiff Jane's exhaustion of administrative remedies, has ratified and affirmed the actions of Defendant Woodsboro-ISD.

41. Plaintiff Jane has been directly and proximately harmed by the Defendant Woodsboro-ISD's acts and omissions as plead herein, and has suffered damages for violations of the Constitutional and federal created rights of Plaintiff Jane, including but not limited to physical pain and mental anguish, medical expenses, and loss of opportunity in future educational and professional endeavors.

42. Plaintiff Jane, therefore, now seeks compensatory damages from Defendant Woodsboro-ISD pursuant to 42 U.S.C § 1983, as well as attorneys' fees pursuant to 41 U.S.C. § 1988.

## COUNT TWO-TITLE VI

43. Title VI, 42 U.S.C. § 2000d et seq. requires that publically funded educational entities, such as Defendant Woodsboro-ISD, refrain from discrimination of any kind based on a person's ethnicity or color.

44. The facts set forth herein demonstrate that Defendant Woodsboro-ISD woefully failed its obligations under Title VI as to Plaintiff Jane.

45. Pleading further, Defendant Woodsboro-ISD and the Board, having been notified of the specific facts and circumstances plead herein

during the Plaintiff Jane's exhaustion of administrative remedies, has ratified and affirmed the actions of Defendant Woodsboro-ISD in violation of Title VI.

46. Plaintiff Jane has been directly and proximately harmed by the Defendant Woodsboro's acts and omissions as plead herein, and has suffered damages for such Title VI violations, including but not limited to physical pain and mental anguish, medical expenses, and loss of opportunity in future educational and professional endeavors.

47. Plaintiff Jane, therefore, now seeks compensatory damages from Defendant Woodsboro-ISD pursuant to Title VI, 42 U.S.C. § 2000d et seq.

## COUNT THREE: TITLE IX

48. As a public school owned and operated by Defendant Woodsboro-ISD receiving funds from the United States, Defendant Woodsboro-ISD falls under the jurisdiction and requirements of Title IX.

49. The gender nature of the actions committed by Defendant Woodsboro-ISD towards Plaintiff Jane are so severe, pervasive, and objectively offensive that Plaintiff Jane was deprived access to educational opportunities or benefits provided by Defendant Woodsboro-ISD, such denial being in violation of Title IX.

50. Defendant Woodsboro-ISD and its officials had actual knowledge of the referenced Title IX violations committed against Plaintiff Jane.

51. Defendant Woodsboro-ISD failed to take immediate, effective remedial steps to resolve the referenced Title IX violations committed against Plaintiff Jane.

52. Rather, Defendant Woodsboro-ISD acted with deliberate indifference toward Plaintiff Jane.

53. Defendant Woodsboro-ISD persisted in its actions and inaction even after Defendant Woodsboro-ISD had actual knowledge of the harm being suffered by Plaintiff Jane.

54. Defendant Woodsboro-ISD engaged in a pattern and practice of behavior designed to discourage and dissuade other students (who were also threatened with, and subjected to, similar Title IX violations) from seeking protection from, and prosecution of, Title IX violations.

55. Plaintiff Jane has suffered economic, emotional distress, and psychological damage to Jane's character, prestige, standing in Jane's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendant Woodsboro-ISD's deliberate indifference to Plaintiff Jane's rights under Title IX.

56. Defendant Woodsboro-ISD's acts towards Plaintiff Jane were intentional discrimination based on Plaintiff Jane's gender, in violation of Title IX.

57. As a result of the foregoing, Plaintiff Jane hereby seeks recovery of all actual and consequential damages available to Jane in accordance with Title IX.

## COUNT FOUR-NEGLIGENCE

58. The facts set forth herein as to Plaintiff Jane further show that Defendant Woodsboro-ISD intentionally bullied, targeted, and retaliated against Jane, thereby directly creating and causing Jane to be physically assaulted by Student B.

59. Further, the facts set forth therein show that acts and omissions of Defendant Woodsboro-ISD directed towards Plaintiff Jane were negligent, in that Defendant Woodsboro-ISD failed its duty of care to meet the standards of conduct that would be exercised by a reasonable person in the same or similar circumstances.

60. As a direct and proximate result of Defendant Woodsboro-ISD's acts and omissions, Plaintiff Jane has suffered injuries, including but not limited to physical pain and mental anguish, medical expenses, and loss

of opportunity in future educational and professional endeavors. Plaintiff Jane, therefore, now seeks compensatory damages for such injuries.

## COUNT FIVE: PUNITIVE DAMAGES

61. Defendant Woodsboro-ISD's actions against Plaintiff Jane in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Jane to punitive damages pursuant to Section 1983, for which Plaintiff Jane now seeks.

## COUNT SIX: POST JUDGMENT INTEREST

62. Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## COUNT SEVEN: ATTORNEYS' FEES

63. Plaintiff Jane should be awarded Plaintiff Jane's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

### G.  REQUEST FOR JURY

64. Plaintiff hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented thereto.

## H. PRAYER FOR RELIEF

65. Wherefore, premises considered, Plaintiff Jane prays that upon final consideration of this matter that Plaintiff Jane have judgment against Defendant Woodsboro-ISD for:

    a. Monetary damages;

    b. Reasonable and necessary attorneys' fees;

    c. Taxable expenses of litigation and costs of court; and,

    d. Post-judgment interest at the maximum lawful rate.

66. Plaintiff Jane further prays that Plaintiff Jane receive such other and further relief to which she may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By: _____
Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (214) 802-3477 (DIRECT)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
JANE WISD-FB DOE**